IN THE SUPERIOR COURT OF GUAM

| PEOPLE OF GUAM, | ) | CRIMINAL CASE NO. CM 1046-10 |
| | ) | |
| vs. | ) | **DECISION AND ORDER** |
| | ) | **(Motion to Reconsider)** |
| SAM SUZUKI, | ) | |
| Defendant. | ) | |

This Matter came before the HONORABLE SENIOR PRO TEMPORE ELIZABETH BARRETT-ANDERSON on September 21, 2012 on Defendant's Motion to Reconsider Defendant was not present, but was represented by Attorney Suresh Sampath. The People were represented by Assistant Attorney General James C. Collins. The Court having considered all of the arguments, briefs and materials now issues its decision.

## PROCEDURAL BACKGROUND

Defendant was arrested on or about December 5, 2009, and given a Notice to Appear ("NTA") with a date of December 8, 2010, a government holiday - Our Lady of Camarin Day.[1] The Complaint was filed on November 26, 2010, but no summons for appearance was issued at the time,[2] and instead the People relied upon the NTA as the date set for Defendant's first appearance and arraignment. Defendant came to the courthouse on December 8th, but the Court was officially closed.[3]

The Court issued a Summons on December 29, 2010 with an arraignment schedule for January 12, 2011. The Summons was a non-service. At arraignment the Magistrate Court recommended a bench warrant, which was issued on January 24, 2011. The bench warrant was

---

[1] 1 GCA §1000.
[2] Unlike the facts in *Rasauo II*, the Court notes that a summons is now required to automatically be issued on all misdemeanors, upon a filed complaint and affidavit, even when the People do not request for a summons, after a probable cause determination is made. 8 GCA § 15.20(a). *Also,* 8 GCA § 60.10(a). The defendant shall be arraigned promptly after the indictment or information is filed or after the complaint is filed where prosecution by complaint is required by § 1.15.
[3] Mot. to Reconsider, Sam Suzuki Witness Statement

1

served on Defendant on August 3, 2011. Defendant was arrested, brought before the Magistrate Judge, appointed counsel, released and ordered to appear for arraignment on August 10, 2011. Defendant was arraigned after two-hundred fifty-seven (257) days had passed from the filing of the Complaint.

Defendant filed a Motion to Dismiss (hereinafter "The Motion) on October 31, 2011 and the People filed their Opposition on December 27, 2011. The Court issued its decision and order denying dismissal on February 24, 2012, and Defendant petitioned for reconsideration herein.

## DECISION

Guam's Supreme Court held[4]: "that unless good cause is shown, a complaint shall be dismissed where a defendant is not promptly arraigned within 60 days of the filing of the complaint." Defendant argues that pursuant to *People v. Rasauo,* 2011 Guam 14 (hereinafter referred to as *"Rasauo II"*), this case should be dismissed with prejudice because Defendant was not arraigned within (60) days after the Complaint was filed. *See also* 8 GCA §60.10. The People argue that the Court should find good cause exists for the delay, and therefore, the dismissal would be inappropriate. As required by *Rasauo II,* this Court will review the specific facts in this case to determine whether or not there was good cause for the delay in arraigning Defendant beyond the sixty (60) days after the Complaint was filed.[5]

The Court finds that the time between the Complaint and the first appearance on August 8, 2011 does present a *prima facia* violation the 60 day rule announced in *Rasauo II.* The Court must next re-review whether its prior determination of good cause is still valid in light of the Defendant's reconsideration motion and arguments.

---

[4] *Rasauo,* 2011 Guam 14¶10, 16. This holding is hereinafter referred to as the "60 day rule."
[5] *Rasauo,* 2011 Guam 14¶10, 14.

2

Defendant for the first time states by affidavit facts, not previously brought to the Court's attention, that he came to the courthouse on December 8th in compliance with his NTA, and found the courthouse closed for the holiday. Defendant also argues that he has remained employed at Bob's Nursery since the time of his arrest and still currently resides at the address provided on his NTA, therefore, Summons should have been served without difficulty upon him.

Assigning Defendant an NTA date on an official governmental holiday was clear error. The facts of this case are the exception to the thousands of NTAs issued annually by the police department, and therefore, this decision on reconsideration should be narrowly read and applied.

Good cause for delaying a criminal trial rests within the discretion of the Court.[6] There are some general principles that have been recognized in determining what constitutes good cause.[7] For instance, delay caused by Defendant or for Defendant's benefit, as well as unforeseen circumstances is understood as good cause and avoids dismissal. Delay at the fault of the prosecution or improper court administration does not constitute good cause.[8] In this case, GPD assigned the NTA date on an official government holiday. The error is that of the government, and as such, the burden should be suffered by the People in the same manner as lapses in the administration of justice, especially where the Defendant has been compliant.

Next, the Court must determine whether the People's effort on December 16th in requesting a Summons for a new appearance date for the Defendant satisfies good cause under *Rasauo II*. The Court finds it does not. The People were on notice by their pleadings on November 26, 2010, that there was an error existing in the Defendant's NTA date. The

___

[6] *People v. Flores* 2009, Guam 22 ¶32 and *People v. Johnson,* 606 P.2d 738, 746 (Cal.1980), *citing* ((People v. McFarland (1962) 209 Cal.App.2d 772, 776, 26 Cal.Rptr. 596; see In re Lopez (1952) 39 Cal.2d 118, 120, 245 P.2d 1; People v. Superior Court (Lerma) (1975) 48 Cal.App.3d 1003, 1007, 122 Cal.Rptr. 267.)

[7] *Id.*

[8] *Id. citing, Herrick v. Municipal Court* (1957) 151 Cal.App.2d 804, 810, 312 P.2d 264.)

3

argument offered by the People is simply that they filed for a Summons on December 16th. This is eight (8) days after the NTA, and twenty (20) days after filing of the Complaint. The effort in filing a request for a summons does not correct initial the NTA error.

The Court finds that the timing of the request for a Summons disfavors the People. Had the request been made prior to December 8th the Court would be more sympathetic. However, once the Defendant complied with the NTA the burden necessarily shifted to the People to show the Court why it should be relieved from so glaring an error. It is difficult for the Court to excuse both the police officer's error on the NTA date, and the People's failure to correct the error in a timely manner.

With regard to service of the Summons, the Court finds that reasonable and diligent efforts were taken to serve Defendant with the summons,[9] but these efforts cannot cure the faulty NTA date assigned by GPD, nor government's untimely summons request.

The People argue that Defendant's Motion to Reconsider is untimely, in violation of the promulgated scheduling order.[10] The Motion Deadline set by the Court was July 16th, 2012. While the Motion was dated by Defendant as July 16th, 2011, it was received by the Court the morning of July 17, 2011. The People admit they too have violated such scheduling deadlines in other matters. While a failure to comply with the Local Rules of the Superior Court of Guam can leave parties subject to sanctions, refusing to entertain such a motion is an extreme remedy in light of the infraction. Given the merits of this matter the Court agrees to reconsider its earlier decision in this matter.

---

[9] In the People's Response to Defendant's Motion to Reconsider, the AS400 ledger shows an attempt to serve the summons on Defendant prior to January 12, 2011 and that the declaration and recommendation of the Magistrate Court provides that reasonable and diligent attempts were made by the marshalls. *Peope v. Atson Ata Setik* (CM-0571-11) at 2-3 ("The court accepts the Magistrate Court's declaration fo reasonable and diligent efforts by the Deputy Marshal to effect service of the summons).

[10] People's Supplemental Opposition to Motion to Reconsider p. 2 ¶2.

4

The People also argue Defendant's failure to raise a *Rasauo* dismissal earlier should be consider as a waiver of these arguments.[11] A *Rasauo* challenge addresses constitutional guarantees of procedural safeguards that cannot be waived. The Supreme Court of Guam declared, "The public interest in a broad sense, as well as the constitutional guarantee, command prompt disposition of criminal charges.[12]" The Court goes on to state that this principle has been woven into Guam's statutory framework, and that "it is the duty of all courts and judicial officers and all prosecuting attorneys to expedite such proceedings to the greatest degree that is consistent with the ends of justice.[13]" *Rasauo I* was request for post-conviction relief where the Supreme Court of Guam required the defendant to prove unjust delay and prejudice to overturn a conviction. *Rasaou II* sought pretrial relief.[14] The Supreme Court of Guam heard both cases on the merits. Thus, the challenge can be made at any point.

## CONCLUSION

The Court agrees on reconsideration that there were two hundred fifty-seven (257) days between the filing of the complaint and Defendant's arraignment, and that no good cause exists to excuse the delay. Defendant's case is hereby DISMISSED without prejudice.

**IT IS SO ORDERED**: NOV 2 1 2012

**HONORABLE ELIZABETH BARRETT- ANDERSON**
Senior Judge Pro Tempore, Superior Court of Guam

---

[11] *Id.* pg. 3 ¶1
[12] *People v. Rasauo*, 2011 WL 4021385 (Guam Terr.) citing *Strunk v. United States*, 412 U.S. 434, 439 n. 2 (1973), and in *United States v. Clay*, 481 F.2d 133, (7th Cir. 1973).
[13] *Id.*
[14] 2011 WL 4021385 (Guam Terr. 2011). In *Rasaou II*, The Supreme Court of Guam considered whether reversal of a conviction was an appropriate remedy. The Court reflected on their holding in *Rasauo I*, a request for post-conviction relief. In *Rasaou I*, the court held Defendant must show that that there was both unjustifiable delay and prejudice due to that delay. *Rasauo II* sought pre-trial relief; the Court held *Rasauo II* was only required to show unjust delay.

5